UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IJEOMA ESOMONU,<br><br>    Plaintiff,<br><br>    v.<br><br>OMNICARE, INC.,<br><br>    Defendant. | Case No. 15-cv-02003-HSG<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. Nos. 55, 59 |

On June 13, 2016, Plaintiff Ijeoma Esomonu filed a motion for preliminary approval of class action settlement. Dkt. No. 39. At the August 18, 2016, hearing on the motion for preliminary approval, the Court expressed concerns about several of the settlement terms and requested supplemental briefing from the parties. Dkt. No. 47.

The parties submitted their supplemental briefing on October 20, 2016, representing that they would modify subsection 1 of the class release to read:

> An alleged violation of any provision of the Fair Credit Reporting Act, 15 U.S.C. section 1681, *et seq.*, the California Consumer Credit Reporting Agencies Act, California Civil Code section 1785, *et seq.*, the California Investigative Consumer Reporting Agencies Act, California Civil Code section 1786, *et seq.*, California Business and Professions Code section 17200, *et seq.*, or any comparable provision of federal, state or local law in any way relating to or arising out of the facts alleged in the operative complaint, including the procurement of, use of, disclosure of intent to procure, or authorization to procure or use a consumer report, investigative consumer report, credit check, background check, criminal history report, reference check or similar report.

Dkt. No. 55 at 5:1-10.

On November 3, 2016, the Court held a hearing on the amended motion for preliminary approval of class action settlement. Dkt. No. 57. The Court again expressed concern that the

1   modified class release was broader than the factual predicate alleged by Plaintiff in the first
2   amended complaint ("FAC"), and requested supplemental briefing on the issue.

3   The parties submitted joint supplemental briefing on November 18, 2016, and agreed to
4   further narrow the class release. *See* Dkt. No. 59 ("Joint Briefing"). Specifically, the parties
5   agreed to eliminate subsection 2 of the class release but maintained that subsection 1 sufficiently
6   mirrored the factual predicate alleged in the FAC. *Id.* However, subsection 1 of the class release
7   included in the Joint Briefing does not reflect the version of subsection 1 submitted in the October
8   20, 2016, briefing. *Compare id.* at 2:17-25 *with* Dkt. No. 55 at 5:1-10. As phrased in the Joint
9   Briefing, subsection 1 references additional adverse action requirements and contains phrases
10  potentially broadening the release. *See* Joint Briefing at 2:17-25.

11  Accordingly, the Court DIRECTS the parties to submit a joint supplemental brief of no
12  more than two pages, confirming that the final proposed class release is subsection 1 of the release
13  that the parties presented to the Court in the October 2016 supplemental briefing. The parties
14  must submit their joint supplemental brief by December 2, 2016.

15  **IT IS SO ORDERED.**

16  Dated:   November 23, 2016

17  _____
18  HAYWOOD S. GILLIAM, JR.
    United States District Judge